FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>    Petitioner,<br><br>v.<br><br>A. HEDGPETH, Warden,<br><br>    Respondent. | No. CV 07-7371-GW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all of the pleadings and records. Having made a *de novo* determination, the Court agrees with the recommendation of the Magistrate Judge.

Petitioner's direct appeal remains pending. After the California Supreme Court denied the petition for review on February 13, 2008, Petitioner filed a petition for certiorari before the United States Supreme Court on March 10, 2008. The petition for certiorari remains pending.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: April 11, 2008

GEORGE H. WU
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>  Petitioner,<br><br>  v.<br><br>A. HEDGPETH, Warden<br><br>  Respondent. | No. CV 07-7371-GW (AGR)<br><br>REPORT AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE |

    The Court submits this Report and Recommendation to the Honorable George H. Wu, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied without prejudice as premature.

///

///

///

///

///

///

///

I.

**SUMMARY OF PROCEEDINGS**

Petitioner was convicted by a Los Angeles Superior Court jury of forcible oral copulation (Cal. Penal Code § 288a(c)(2)) false imprisonment by violence (*Id.* § 236), and making criminal threats (*Id.* § 422). The jury also found to be true the allegations that Petitioner had suffered two prior felony convictions within the meaning of Cal. Penal Code §§ 1170.12(a)-(d), 667(b)-(i), 667(a)(1), and two prior prison terms within the meaning of Cal. Penal Code § 667.5(b). In addition, the jury found true the allegation that Petitioner had suffered a prior conviction of Cal. Penal Code § 288(b), pursuant to Cal. Penal Code § 667.61(a), (d). The trial court sentenced Petitioner to an aggregate state prison term of 85 years to life. (Petition for Writ of Habeas Corpus filed November 8, 2007 ("Petition") at 2.)

A. **Petitioner's First Federal Habeas Petition Was Dismissed Without Prejudice While Petitioner's Direct Appeal Was Pending**

Pursuant to 28 U.S.C. § 2254, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court on December 6, 2006, in which he raised 18 grounds. Respondent filed a motion to dismiss on April 16, 2007, arguing that the petition was premature because Petitioner's direct appeal was still pending before the California Court of Appeal. Petitioner filed an opposition on May 29, 2007.

Petitioner appealed his conviction to the California Court of Appeal. On October 19, 2005, the Court of Appeal filed an unpublished decision in which it affirmed the judgment below. (Petition, Exh. A.) Petitioner filed a petition for review in the California Supreme Court on November 14, 2005. The California Supreme Court denied the petition for review on January 4, 2006. (Petition, Exh. B.)

Petitioner filed a petition for a writ of certiorari to the United States Supreme Court on March 14, 2006. On February 20, 2007, the Supreme Court granted the petition for writ of certiorari, vacated the judgment, and remanded to the California Court
///

of Appeal in light of *Cunningham v. California*, 127 S. Ct. 856 (2007). (Petition, Exh. I.) The mandate from the Supreme Court issued on March 26, 2007. (*Id.*)

On May 31, 2007, this Court issued a Report and Recommendation recommending denial of the petition without prejudice as premature. On June 22, 2007, Petitioner filed Objections. On July 24, 2007, Judge Wu issued an order adopting the Report and Recommendation and entered Judgment dismissing the petition without prejudice.

### B. Petitioner's Second Habeas Petition

On November 8, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.

On November 14, 2007, this Court issued an Order to Show Cause why the Petition should not be dismissed without prejudice on the ground that Petitioner's direct appeal is still pending.

On December 10, 2007, Petitioner filed a Motion to Show Cause, which this Court construes as a response to the Order to Show Cause ("Response"). The matter was taken under submission and is now ready for decision.

### C. Petitioner's Direct Appeal Remains Pending

As stated above, on February 20, 2007, the Supreme Court granted the petition for writ of certiorari, vacated the judgment, and remanded to the California Court of Appeal in light of *Cunningham v. California*, 127 S. Ct. 856 (2007). (Petition, Exh. I.)

On July 13, 2007, the California Court of Appeal issued an order recalling the remittitur issued on January 20, 2006 and deferring supplemental briefing. (Response, Exh. C.) On August 6, 2007, the Court of Appeal issued an order permitting supplemental briefing. On September 4, 2007, the attorney representing Petitioner on direct appeal elected not to file a supplemental brief due to the California Supreme Court's decisions in *People v. Black* and *People v. Sandoval*. (Response, Exh. D.) On October 19, 2007, the California Court of Appeal indicated to Petitioner that "an opinion in this matter should be forthcoming in the month of December." (Response, Exh. F.)

3

On December 4, 2007, the California Court of Appeal issued an unpublished opinion affirming the judgment. *People v. Blackwell*, Case No. B177476, 2007 Cal. App. Unpub. LEXIS 9784 (Dec. 4, 2007). The Court of Appeal's opinion addressed Petitioner's arguments that (1) there was insufficient evidence to sustain a conviction of false imprisonment by violence; (2) Cal. Evid. Code § 1108 is unconstitutional; (3) the trial court erred in admitting evidence of three prior sex offenses under Cal. Evid. Code § 1108; (4) the trial court erred in excluding evidence that appellant was not convicted of one of the prior sex offenses; and (5) imposition of an upper term sentence. *Id.*

The California Court of Appeal's decision becomes final in 30 days (January 3, 2008). Cal. Rule of Court 8.264(b)(1). The Petition for Review in the California Supreme Court must be filed within 10 days after the Court of Appeal decision is final (January 13, 2008). Cal. Rule of Court 8.500(e)(1).

## II.

## DISCUSSION

The AEDPA expressly provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied*, 513 U.S. 935 (1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995). Exhaustion is a prerequisite to obtaining federal habeas corpus relief. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Accordingly, a

4

federal court will not review a petition for writ of habeas corpus unless it appears that the prisoner has exhausted before the California Supreme Court every claim presented. See 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

It is undisputed that Petitioner's direct appeal is still pending. The California Court of Appeal's decision was issued on December 4, 2007, and will not become final until January 3, 2008. The time for filing a petition for review expires January 13, 2008. It is anticipated that Petitioner will file a Petition for Review to complete exhaustion of his grounds for federal habeas relief. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Engle v. Isaac*, 456 U.S. 107, 130, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.").

Petitioner's federal habeas petition in this Court is premature and is subject to dismissal without prejudice on that basis. "When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (footnote omitted); see *Blair v. Woodford*, 319 F.3d 1087, 1088 (9th Cir. 2003); *Edelbacher v. Calderon*, 160 F.3d 582 (9th Cir. 1998).

///
///
///
///
///
///
///

5

## III.

## **RECOMMENDATION**

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: December 12, 2007

/s/ Alicia G. Rosenberg
ALICIA G. ROSENBERG
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.